

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00118-CR

BENJAMIN RAMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-20-27805

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Carter

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Pursuant to a plea agreement, Benjamin Ramer pled guilty to violating a bond or protective order with an assault or stalking, a finding on his guilt was deferred, and he was placed on ten years' community supervision. Several months later, the State filed a motion to adjudicate his guilt. Ramer pled true to two of the State's allegations, and after additional evidence was admitted in support of the allegations, the trial court adjudicated Ramer's guilt. After further evidence was received, the trial court sentenced Ramer to ten years' imprisonment, with his sentence to run concurrently with the sentences he received in two other convictions adjudicated in the same proceeding. Ramer appeals the judgment adjudicating his guilt.

Ramer's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Ramer's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Ramer with a copy of the brief and the motion to withdraw. His counsel also informed Ramer of his rights to review the record and file a pro se response and provided Ramer with a pro se motion for access to the appellate record. By letter dated January 4, 2022,

we notified Ramer that his pro se brief was due on February 3, 2022. By letter dated February 24, 2022, we notified Ramer that the case would be submitted on briefs on March 17, 2022. We did not receive a brief from Ramer.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The record shows that, under the section entitled "Date of Original Community Supervision Order," the judgment adjudicating guilt reflects a date of "7/12/2020." However, the record shows that the deferred adjudication order was rendered on December 9, 2020. We have the authority to modify the judgment to make the record speak the truth when it has been brought to our attention by any source. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)); *see French*, 830 S.W.2d at 609. Therefore, we will modify the judgment to reflect the correct "Date of Original Community Supervision Order."

3

We modify the judgment adjudicating guilt by changing the "Date of Original Community Supervision Order" from "07/12/2020" to "12/9/2020." In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Therefore, we affirm the judgment of the trial court, as modified.[1]

Jack Carter
Justice

Date Submitted:     March 17, 2022
Date Decided:       April 5, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.